**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JOSEPHINE LYNN HESS**
**a.k.a. JOHN HESS,**
**DOC # 990430,**

**Plaintiff,**

**vs.** **Case No. 4:25cv523-TKW-MAF**

**RICKY DIXON, et al.,**

**Defendants.**
**_______________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the Florida Department of Corrections who proceeds *in forma pauperis* and *pro se*, filed a second amended complaint, ECF No. 14, which has been reviewed as is required by 28 U.S.C. § 1915A. Essentially, Plaintiff alleges that she suffers with severe Gender Dysphoria and has been denied a medically necessary sexual reassignment surgery. ECF No. 14 at 5. Plaintiff alleges there is a "total ban" on such surgery. *Id.* at 7.

Notably, Plaintiff has also alleged that she has been recommended for a sexual reassignment surgery upon completion of “hormone therapy.” *Id.* at 7. Plaintiff has not, however, provided clear information on when that recommendation was allegedly made, who made the recommendation, nor has Plaintiff alleged that he has completed hormone therapy. Those omitted facts are fatal to Plaintiff’s claims because without them, this case rests on the notion that Plaintiff seeks surgery based on her own desires and not on a medical recommendation.

The State’s denial of necessary medical care for inmates in its custody constitutes a violation of constitutional rights. Estelle v. Gamble, 429 U.S. 97, 103-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, to sufficiently state an Eighth Amendment claim for the denial of medical care, a prisoner must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).

“However, not ‘every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.’ ”

McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999). "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment (fails to) support a claim of cruel and unusual punishment." Keohane v. Fla. Dep't of Corr., Sec'y, 952 F.3d 1257, 1266 (11th Cir. 2020) (citing Harris v. Thigpen, 941 F.2d 1495,1510 (11th Cir. 1991)) (quoted in Barnhill v. Inch, No. 4:18-CV-564-MW/MAF, 2020 WL 6049559, at *8 (N.D. Fla. Aug. 28, 2020), report and recommendation adopted, No. 4:18CV564-MW/MAF, 2020 WL 6048744 (N.D. Fla. Oct. 13, 2020)).

Here, Plaintiff alleges that Defendants have "intentionally disregarded" her medical condition, *see* ECF No. 14 at 9, but Plaintiff has not shown that a medical professional has recommended the reassignment surgery nor has she shown that it is "medically necessary." Keohane, 952 F.3d at 1274 (noting a disagreement among medical professionals as to "whether social transitioning is medically necessary to Keohane's gender-dysphoria treatment" and pointing out that a "difference in medical opinion" is not enough to support an Eighth Amendment claim). Without such facts, Plaintiff cannot demonstrate a plausible claim. *See* Barnhill, 2020 WL 6049559, at *8 (citing to Maggert v. Hanks, 131 F.3d 670, 672

(7th Cir. 1997) (observing that "[w]ithholding from a prisoner an esoteric medical treatment that only the wealthy can afford does not strike us as a form of cruel and unusual punishment" and holding that "the Eighth Amendment does not entitle a prison inmate to curative treatment for his gender dysphoria").

At most, Plaintiff has alleged that a mental health counselor made an "individualized service plan" on December 27, 2024, which concluded that nothing more could be done for Plaintiff "until she is sexually reassigned." ECF No. 14 at 10-11. There are no allegations, however, which reveal that the surgery is medically necessary and required by Plaintiff's medical professionals.

This Court has no doubt that Plaintiff, like inmate Keohane, suffers from gender dysphoria and has a "serious medical need." She meets the objective component of an Eighth Amendment claim. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) ("To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry"). Yet the hurdle which Plaintiff has not overcome is the same hurdle which could not be overcome in Keohane, 952 F.3d at 1266. Plaintiff cannot meet the subjective

component of her Eighth Amendment claim - that prison officials acted with deliberate indifference to her serious medical need - unless she can present facts which show (1) that officials had "subjective knowledge of a risk of serious harm" and (2) they disregarded that risk (3) by conduct that was "more than mere negligence." 952 F.3d at 1266. When there is a disagreement among medical staff as to the proper course of treatment, the Eighth Amendment claim cannot succeed. *Id.* ("a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment"). Plaintiff has sufficiently alleged that the Florida Department of Corrections will not provide sexual reassignment surgery, but Plaintiff has not demonstrated that such surgery is medically required to treat her gender dysphoria.

Finally, Plaintiff also presents a second claim which challenges a Florida law (SB254) which allegedly bans gender affirming care and the use of state funds for such care. ECF No. 14 at 18. Plaintiff has not alleged that the Department has removed all care previously provided for gender dysphoria. Rather, she has alleged only that she cannot receive sexual reassignment surgery. *Id.* Because there are no allegations

presented which reveal that her desired surgery is medically necessary, that basis for an Eight Amendment claim also fails.

Because Plaintiff has already been provided opportunities to submit a viable amended complaint, *see* ECF Nos. 5 and 13, it is recommended that this case be dismissed. It does not appear that providing an additional chance to file a third amended complaint would be beneficial. Keohane, 952 F.3d at 1266 ("A prisoner bringing a deliberate-indifference claim has a steep hill to climb"). That hill is even higher when the claim challenges the denial of sexual reassignment surgery for gender dysphoria because the Eighth Amendment does not require that prisoners be provided "perfect, the best obtainable, or even very good" medical care. Keohane, 952 F.3d at 1266 (quoting Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991). This case should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**